AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America<br>v.<br>ARLON J. MACATANGAY<br><br>Defendant(s) | ) ) ) ) ) ) ) Case No. 1:13-mj-00275 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 10, 2013__ in the county of __Worcester__ in the _____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 846 | Conspiracy To Distribute Methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit

☐ Continued on the attached sheet.

_____
Complainant's signature

Howard D. Kennard, TFO, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: __02/11/2013__

_____
Judge's signature

City and state: __Salisbury, Maryland__     C. Bruce Anderson, U.S. Magistrate Judge
Printed name and title

# IN THE UNITED STATES COURT FOR THE
# DISTRICT OF MARYLAND
# NORTHERN DIVISION

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Howard D. Kennard, Maryland State Trooper/Task Force Officer with Homeland Security Investigations (HSI), being a cross designated Federal Task Force Officer, do state as follows:

1. Your affiant is currently employed by the Maryland State Police and cross designated as a Task Force Officer with the U. S. Department of Homeland Security, Homeland Security Investigations (HSI) and have been so since June 2010. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 19, U.S.C. § 1401(i) and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 19, United States Code Section 1401.  As part of my employment with MSP/HSI, I attended the Maryland State Police Academy which is a twenty six week basic program for all Maryland State Police Troopers held at the Maryland State Police Academy in Pikesville, Maryland.  During this training I was provided instruction in criminal investigation, constitutional law, rules of evidence along with interview and interrogation.  Additionally, I attended Immigration & Customs Enforcement Cross Designation Task Force Officer Training, in 2010 and 2011 which an additional 16 hours of investigative is training.

2. Your affiant is currently assigned to the Maryland State Police Criminal Enforcement Bureau/ Drug Enforcement Division and cross designated as a Task Force Officer with the U. S. Department of Homeland Security, (HSI).  As a Task Force Officer I am responsible for investigating unlawful acts and violations of federal customs law.  In the course of my current employment, I have participated in numerous federal and state narcotics investigations relating to drug trafficking, drug smuggling, and money laundering violations. During the course of those investigations, I have been involved in the use of the following investigative techniques:  interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short and long-term undercover operations,

1

consensual monitoring and recording of telephonic communications; assisting Special Agents with telephone pen register and caller identification system data; assisting Special Agents with court-authorized electronic surveillance, including wire interceptions; and preparing and executing search warrants that have led to seizures of narcotics and other contraband. The information in this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers.

3. This affidavit is submitted in support of a criminal complaint charging **Ramon M. DIAMOS**, **Arlon J. MACATANGAY** and **Ricky IBANGA** with conspiracy to distribute and possess with the intent to distribute in excess of 50 grams of Crystal Methamphetamine, in violation of 21 U.S.C. § 846.

4. On February 10, 2013, at approximately 0949 hours, Senior Trooper (STR) Marlin Meyers # 2748 of the Maryland State Police (MSP), Berlin Barrack, Worcester County, was stationary on the right shoulder of southbound U.S. Route 13 in the area of Bunting Rd, in his assigned, unmarked, MSP patrol vehicle V-13. While stationary, STR. Meyers had the emergency red and blue lights on his patrol vehicle activated. It was during this time he noted a lone vehicle traveling southbound in lane #2, the lane directly next to his vehicle. As the vehicle passed STR. Meyers location it failed to move into an available adjacent lane, in violation of Maryland Transportation Article 21-405 e1. The vehicle was identified as a black 1999 Mercedes ML 430 bearing New Jersey registration C97CAV.

5. At approximately 0949 hours STR. Meyers initiated a traffic stop on the Mercedes in the area of U.S. Route 13 southbound just prior to the Virginia State line in Worcester County, MD. STR. Meyers approached the vehicle and made contact with the operator and two passengers. The operator was advised of the traffic violation and asked to produce his driver's license and vehicle registration. The driver provided STR. Meyers with a New Jersey driver's license identifying his as Ramon Malcampo DIAMOS with a listed address of 46 Gautier Ave. Jersey City, NJ. 07306. DIAMOS also produced the registration for the vehicle which identified the owner as Marco BOTE, who was not present in the vehicle. STR. Meyers also requested identification from both the front seat and rear

2

passenger. The front seat passenger was identified by his New Jersey driver's license as Arlon J. MACATANGAY with a listed address of 46 Gautier Ave. Jersey City, NJ. 07306. Ther rear seat passenger was identified by his passport as Ricky Jones IBANGA with a listed address of 692 Avenue E, Bayonne, NJ. 07002.

6. STR. Meyers returned to his patrol vehicle were he contacted MSP communications to verify driver's license information and license and to check if the driver had any outstanding warrants MSP communications advised STR Meyers that DIAMOS, was in fact, wanted by the Hudson County Sheriff's Office, Jersey City, New Jersey, on a full extraditable warrant for possession with intent to distribute CDS and possession of a weapon while committing a CDS offense. MSP communications confirmed the warrant and DIAMOS was placed under arrest. Prior to starting the search incident to arrest of DIAMOS, he (DIAMOS) admitted to having a "pipe." When questioned further about the pipe, DIAMOS stated that it was a pipe used for smoking methamphetamine. A Search of DIAMO'S person produced the following from his right front pants pocket: A clear glass one inch pipe containing trace amounts of burnt methamphetamine residue, along with a small velcro pouch. This velcro pouch contained four small coin zip lock baggies each containing suspected crystal methamphetamine.

7. Based on the above facts, a probable cause search for additional CDS was conducted on the vehicle. During the search of the Mercedes a large speaker box was located in the rear cargo area. Upon moving the speaker box, a manila envelope covered with tape was located. The envelope was opened and found to contain 240.00 grams of suspected crystal methamphetamine along with a receipt showing the name "Arlon MACATANGAY". At this time MACATANGAY and IBANGA were also placed under arrest.

8. A search incident to arrest of MACATANGAY was conducted. During the search a small blue coin zip lock bag was located in his left front jacket pocket. This baggie also contained suspected crystal methamphetamine. A search incident to arrest was also conducted on IBANGA. No additional CDS was located on his person.

9. After being placed under arrest, MACATANGAY, IBANGA, and DIAMOS were transported to the MSP Berlin barrack for processing. Once at the barrack, all prisoners and the suspected CDS was processed. While processing the suspected CDS, each of the above containers was weighed separately. The coin baggies located on MACATANGAY and DIAMOS persons, which are considered to be personal use, weighed between 0.34 grams and 2.09 grams. The large package found under the speaker box weighed 240.00 grams, which is evidence of distribution. Based on STR Meyers training, knowledge, and experience gained in the Maryland State Police Academy, through several narcotics training courses, and through numerous CDS arrests made as a Maryland State Trooper, he recognized the CDS to be suspected crystal methamphetamine in an amount indicative of distribution. The street value of the crystal methamphetamine is in excess of $40,000.00. A subsequent field test was positive for methamphetamine.

10. TFO Kennard along with HSI S/A Coleman conducted post-arrest interviews with DIAMOS, MACATANGAY and IBANGA. Both DIAMOS and MACATANGAY were read their Advice of Rights which they signed: both requested counsel. At approximately 1137 hours Ricky IBANGA was read his Advice of Rights which he signed. IBANGA agreed to talk to investigators and admitted that he knew the methamphetamine was in the vehicle and planned to assist in its distribution.

11. Your Affiant knows through his training, knowledge, and expertise that 240.00 grams of methamphetamine has a street value in Maryland of approximately $40,000, indicating to your Affiant that the amount of methamphetamine was in excess of the amount intended for personal use and would indicate to your Affiant an intent to distribute.

12. Based on the foregoing, there is probable cause to believe that DIAMOS, MACATANGAY and IBANGA , did conspire with others known and unknown to distribute and possess with the intent to distribute over 50 grams of methamphetamine, in violation of 21 U. S. C. § 846.

I, Howard Kennard, affirm under penalties of perjury that the facts and circumstances

recounted are true and accurate to the best of my knowledge, information and belief.

*[signature]*

Task Force Officer
Maryland State Police
Homeland Security Investigations

---

Signed to and sworn before me this 11th day of February 2013.

*[signature]*

C. Bruce Anderson
United States Magistrate Judge